O

**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 09-1892 VAP (OPx)                              Date: January 4, 2010

Title:   LISA YEE -v- JPMORGAN CHASE BANK, NA; NORTHWEST TRUSTEE SERVICES; US BANK NATIONAL ASSOCIATION; FINANCIAL 2000, INC.; VAUGHN STERLING BRYAN, JR.; BYRANT WILLIAM HULL; and DOES 1 to 50, inclusive
================================================================
PRESENT:       HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

|  |  |
|---|---|
| Marva Dillard | None Present |
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

PROCEEDINGS:   MINUTE ORDER: GRANTING JPMORGAN CHASE BANK, N.A.'S AND U.S. BANK NATIONAL ASSOCIATION'S MOTION TO DISMISS (IN CHAMBERS)
[Link & Term Doc. No. 5]

   Defendants' Motion to Dismiss came before the Court for hearing on December 21, 2009.  After reviewing and considering all papers filed in support of, and in opposition to, the Motion, as well as the arguments advanced by counsel at the hearing, the Court GRANTS the Motion to Dismiss as to Defendants JPMorgan Chase Bank, N.A. and U.S. Bank National Association.

EDCV 09-01892 VAP (OPx)
LISA YEE v. JPMORGAN CHASE BANK, N.A., et al.
MINUTE ORDER of January 4, 2010

# I.  PROCEDURAL HISTORY

Plaintiff Lisa Yee ("Yee" or "Plaintiff") filed an action on October 9, 2009 against Defendants JPMorgan Chase Bank, N.A., Northwest Trustee Services, Inc., U.S. Bank National Association, Financial 2000, Inc., Vaughn Sterling Bryan, Jr., Byrant William Hull, and DOES 1-10 inclusive.  Plaintiff alleges ten causes of action in her Complaint: (1) Violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq.; (2) Violation of the California Rosenthal Act; (3) Negligence; (4) Violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605 et seq.; (5) Breach of Fiduciary Duty; (6) Fraud; (7) Violations of California Business & Processions Code § 17200 et seq.; (8) Breach of Contract; (9) Breach of Implied Covenant of Good Faith and Fair Dealing; and (10) Wrongful Foreclosure.  Plaintiff alleges subject matter jurisdiction based on her TILA, RESPA, and "Regulation Z" claims.  (Compl. ¶ 1.)

On November 11, 2009, Defendants JPMorgan and U.S. Bank National Association ("Defendants") filed the Motion to Dismiss ("Motion") and Request for Judicial Notice ("RJN").  Under Local Rule 7-9, a party must file opposition no later than 14 days before the date designated for the hearing of the motion.  Plaintiff, represented by counsel, filed no timely opposition.  On December 15, 2009, only six days before the hearing, Plaintiff filed Opposition.  On December 17, 2009, Defendants filed a Reply.  When a party fails to respond timely to a Motion, the Court generally finds that party has consented to granting the Motion pursuant to Local Rule 7-12.  Nevertheless, in the interests of justice, the Court has considered Plaintiff's Opposition.  For the following reasons, the Court GRANTS Defendants' Motion.

# II.  LEGAL STANDARD

Rule 12(b)(6) allows a party to bring a motion to dismiss for failure to state a claim upon which relief can be granted.  As a general matter, the Federal Rules require only that a plaintiff provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Conley v. Gibson, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)(2)); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In addition, the Court must accept all material allegations in the complaint -- as well as any reasonable inferences to be drawn from them -- as true.  See Doe v. United States,

EDCV 09-01892 VAP (OPx)
LISA YEE v. JPMORGAN CHASE BANK, N.A., et al.
MINUTE ORDER of January 4, 2010

419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic, 550 U.S. at 555 (citations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

In other words, the allegations must be plausible on the face of the complaint. See Ashcroft v. Iqbal, 556 U.S. __, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (citations and internal quotations omitted).

### III.  FACTUAL BACKGROUND

The subject matter of this action is real property located at 13993 Topeka Court, Corona, California 92880 (the "Property"). (Compl. ¶ 6; RJN, Exs. 1-7.) Plaintiff obtained title to the Property by a Grant Deed recorded on August 31, 2005 in Riverside County Recorder's Office as instrument 2005-0721530. (RJN, Ex. 1.) Plaintiff obtained a residential loan for $471,600 ("Loan"), secured by a deed of trust ("TD") encumbering the Property. (RJN, Ex. 2.) The TD was recorded on August 31, 2005 with the Riverside County Recorder's Office, as instrument number 2007-0721532. (Id.) The TD identifies JPMorgan as lender and beneficiary, First American Title ("First American") as trustee, and Plaintiff as borrower. (Id.)

On February 26, 2009, a Notice of Default and Election to Sell Under the Deed of Trust ("Notice of Default") was recorded with the Riverside County Recorder's Office as instrument number 2009-0094366. According to the Notice of Default, the amount in arrears as of February 26, 2009 was $14,529.19. (RJN, Ex. 4.) On May 29, 2009, the TD was assigned to U.S. Bank, recorded as instrument number 2009-0270943. (RJN, Ex. 5.) On May 29, 2009, a Substitution of Trustee was recorded

**EDCV 09-01892 VAP (OPx)**
**LISA YEE v. JPMORGAN CHASE BANK, N.A., et al.**
**MINUTE ORDER of January 4, 2010**

with the Riverside County Recorders Office as instrument number 2009-0270944, substituting Northwest Trustee Services, Inc. as trustee.  (RJN, Ex. 6.)  A Notice of Trustee's Sale was recorded on May 29, 2009 with the Riverside County Recorder's Office as instrument number 2009-0270945.  (RJN, Ex. 7.)

## IV.  DISCUSSION

As explained below, Plaintiff fails to state a a federal claim in her Complaint.

### A.    First Claim: TILA

Plaintiff's first federal claim alleges violations of TILA based on Defendants' failure to comply with the statute's disclosure requirements.  Plaintiff's TILA claim, however, is barred by TILA's one-year statute of limitations.  15 U.S.C. § 1640(e). Plaintiff's TILA claim is premised on failures to make disclosures at the time the Loan was executed in August 2005.  (Compl. ¶¶ 36-39, 57, 61; RJN, Ex. 1.)  This action was not filed until October 2009, well beyond the end of the limitations period.

During the hearing, Plaintiff's counsel argued that Plaintiff alleged a basis for equitable tolling in paragraph 29 if the Complaint.  Paragraph 29 states Plaintiff "is not aware of any assignments, recorded or not . . ."  (Compl. ¶ 29.)  Elsewhere in the "General Allegations," the Complaint states, "That facts surrounding this loan transaction were purposefully hidden to prevent Plaintiff from discovering the true nature of the transaction and the document involved therein."  (Compl. ¶ 27.)  The Complaint, however, provides no facts to support this conclusion.

The Ninth Circuit has held that "the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action."  King v. California , 784 F.2d 910, 915 (9th Cir. 1986), cert. denied 484 U.S. 802 (1987); see also Cervantes v. City of San Diego, 5 F.3d 1273, 1277 (9th Cir. 1993); Ayala v. World Savings Bank, FSB , 616 F. Supp. 2d 1007, 1019 (C.D. Cal. 2009).

As one district court recently noted, however, to assert equitable tolling, a complaint must include factual allegations as to how a plaintiff was precluded from

EDCV 09-01892 VAP (OPx)
LISA YEE v. JPMORGAN CHASE BANK, N.A., et al.
MINUTE ORDER of January 4, 2010

discovering the TILA violation, particularly "in such a case as the one before the Court since the vast majority of Plaintiffs' alleged violations under TILA are violations that are self-apparent at the consummation of the transaction -- e.g., not being provided a notice of one's right to rescind the transaction at the time of closing, not being properly provided with the annual percentage rate, finance charges, total amount financed, payment schedule, etc." Cervantes v. Countrywide Home Loans, Inc., No. CV 09-517-PHZ-JAT, 2009 WL 3157160, at *4 (D. Ariz. Sept. 24, 3009) (Compl. ¶¶ 36-39, 57.)

As plead, the Complaint contains no facts suggesting that discovery was precluded.  See Ralston v. Mortgage Investors Group, Inc., No. C 08-536 JF (RS), 2009 WL 688858, at *3 (N.D. Cal. Mar. 16, 2009) (finding the plaintiff stated a claim where plaintiff alleged that "the loan documents were so confusing as to obfuscate the true terms of the loan, and that because he did not understand the true terms of the loan at the time of the transaction, he did not realize [the TILA violation] until later.")  Plaintiff's allegations here amount to a bare conclusions, unsupported by specific facts.  Thus, Plaintiff fails to allege a basis for invoking equitable tolling.

The Complaint accordingly fails to state a viable TILA claim, as it is time-barred.  Nevertheless, it cannot be said the Plaintiff could never state such facts, and thus state a TILA claim.  See Tanuvasa v. FDIC, No. CV 09-02795 DDP (AGRx), 2009 WL 3108568, at *2 (C.D. Cal, Sept. 23, 2009) (dismissing TILA claim but granting leave to amend "to include facts relevant to the applicability of equitable tolling"); Rabb v. BNC Mortgage, Inc., No. CV 09-4740 AHM (Rzx), 2009 WL 3045812, at *2 (C.D. Cal. Sept. 21, 2009) (same); Ayala, 616 F. Supp. 2d at 1020 (same).  Thus, the Court DISMISSES Plaintiff's TILA claim, without prejudice.

B.   **Fourth Claim: RESPA**
Plaintiff's second federal claim alleges violations of RESPA based on Defendants' failure to comply with the statute's disclosure requirements.  The only specific provision of RESPA Plaintiff alleges Defendants violated is 12 U.S.C. § 2605(e)(2).  (Compl. ¶ 82.)  Plaintiff states, "Defendant JPMorgan violated RESPA . . . by failing and refusing to provide a proper written explanation for response to Plaintiff's [Qualified Written Request ("QWR")]."  (Id.)

EDCV 09-01892 VAP (OPx)
LISA YEE v. JPMORGAN CHASE BANK, N.A., et al.
MINUTE ORDER of January 4, 2010

Plaintiff's claim is time-barred. See 12 U.S.C. § 2614 (any violation of § 2605 must be brought within three years). Plaintiff's Loan closed in August 2005 (RJN, Ex. 1), and Plaintiff filed this action in October 2009, more than four years after the Loan. The three-year statute of limitations has expired, and Plaintiff has not alleged any facts that would suggest that an equitable tolling exception applies.

Even assuming Plaintiff's RESPA claim is not time-barred, Plaintiff has not alleged a RESPA claim. Plaintiff alleges that Defendant JPMorgan failed to provide: (1) disclosures at the time the Loan closed, and (2) written explanation or response to Plaintiff's QWR, as prescribed by 12 U.S.C. § 2605(e)(2). (Compl. ¶¶ 82-83.) Section 2605(e) applies to loan servicers. 12 U.S.C. § 2605(e) (the title of Section 2605(e) is "Duty of loan servicer to respond to borrower inquiries."). The statute defines "loan servicer" as a person responsible for "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan." 12 U.S.C. § 2605(i)(3).

Plaintiff has not alleged that any of the Defendants is a loan servicer -- that is, Plaintiff never alleged that any of the Defendants ever received or was responsible for receiving periodic payments on the Loan. Instead, Plaintiff states, "Plaintiff is not certain at this time exactly which of the Defendants was actually the servicer of the Loan at any given time." (Compl. ¶ 80.) This is insufficient to establish that any Defendant had any duties under § 2605(e). Thus, the Court DISMISSES Plaintiff's RESPA claim, without prejudice. Plaintiff is given leave to amend to allege, if she can truthfully do so, that one of the Defendants was a loan servicer as defined by 12 U.S.C. § 2605(e).

### C.   State Claims

When the basis for federal question jurisdiction no longer exists, the Court may decline to exercise supplemental jurisdiction over a pendent state claim. 28 U.S.C. § 1367(c)(3). The exercise of such discretion is based on considerations of "economy, convenience, fairness, and comity." Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991). Litigation of Plaintiff's state law claim in state court is not adverse to the interest of economy because those claims have not yet been analyzed in this case. Further, comity weighs decisively in favor of dismissal because "[n]eedless decisions of state law should be avoided as a matter of comity."

EDCV 09-01892 VAP (OPx)
LISA YEE v. JPMORGAN CHASE BANK, N.A., et al.
MINUTE ORDER of January 4. 2010

<u>Hoeck v. City of Portland</u>, 57 F.3d 781, 785 (9th Cir. 1995) (internal citation omitted); <u>Les Shockley Racing v. Nat'l Hot Rod Ass'n</u>, 884 F.2d 504, 509 (9th Cir. 1989) ("When . . . the [district] court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice."), citing <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 348-350 (1989).

Having dismissed Plaintiff's federal claims,[1] the Court declines to exercise supplemental jurisdiction over Plaintiff's pendent state claims.

## V.  CONCLUSION

For the reasons discussed above, Plaintiff has failed to state a federal claim. Therefore, the Court DISMISSES the Complaint as to Defendants JPMorgan Chase Bank, N.A. and U.S. Bank National Association without prejudice.

**IT IS SO ORDERED.**

---

[1] Plaintiff also stated in the Complaint that federal jurisdiction was based on a "Regulation Z" claim.  Plaintiff did not plead Regulation Z, however, as a separate claim that would give rise to subject matter jurisdiction.  The Court accordingly has not considered it as a basis for federal jurisdiction.