**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 09-01892 VAP (OPx)                                Date:  February 3, 2010

Title:   LISA YEE -v- JPMORGAN CHASE BANK, N.A.; NORTHWEST TRUSTEE SERVICESS, INC.; U.S. BANK NATIONAL ASSOCIATION; FINANCIAL 2000, INC.; VAUGHN STERLING BRYAN, JR.; BRYANT WILLIAM HULL AND DOES 1-10 INCLUSIVE
================================================================
PRESENT:      HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

|  |  |
|---|---|
| Marva Dillard | None Present |
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

PROCEEDINGS:      ORDER TO SHOW CAUSE FOR LACK OF SUBJECT MATTER JURISDICTION  (IN CHAMBERS)

     Plaintiff Lisa Yee ("Yee" or "Plaintiff") filed the Complaint on October 9, 2009 against Defendants JPMorgan Chase Bank, N.A. ("JPMorgan"); Northwest Trustee Services, Inc., U.S. Bank National Association, Financial 2000, Inc., Vaughn Sterling Bryan, Jr., Byrant William Hull, and DOES 1-10 inclusive.  Plaintiff alleged ten causes of action in her Complaint, including two federal claims, against JPMorgan: (1) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 <u>et seq.</u>; and (2) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605 <u>et seq.</u>  Plaintiff alleged subject matter jurisdiction based on her TILA, RESPA, and

EDCV 09-01892 VAP (OPx)
LISA YEE v. JPMORGAN CHASE BANK, et al.
MINUTE ORDER of February 3, 2010

"Regulation Z" claims.  (Compl. ¶ 1.)  On November 11, 2009, Defendants JPMorgan and U.S. Bank filed the Motion to Dismiss ("Motion") and Request for Judicial Notice ("RJN"), which the Court granted with leave to amend.

Federal courts are courts of limited jurisdiction, exercising jurisdiction over civil claims "arising under the Constitution, laws, or treaties of the United States" or where there is diversity of citizenship among the parties.  28 U.S.C. §§ 1331, 1332.  Plaintiff bases jurisdiction on federal question jurisdiction, pursuant to TILA, RESPA, and Regulation Z.  (Compl. ¶ 1.)  The Court dismissed Plaintiff's federal claims against JPMorgan, the only party against whom Plaintiff brought federal claims.

Accordingly, the Complaint fails to state a basis for the Court's jurisdiction.  The Court, therefore, orders Plaintiff to show cause why the Complaint should not be dismissed for lack of jurisdiction.  Plaintiff shall file a response in writing no later than February 19, 2010.  Failure to file a response shall result in dismissal of the Complaint.

**IT IS SO ORDERED.**